the Honorable the judges of the United States Court of Appeals for the Fourth Circuit oh yeah oh yeah oh yeah all persons having any manner or form of business before the Honorable the United States Court of Appeals for the Fourth Circuit are admonished to give their attention for the court is now sitting God save the United States and its Honorable Court good morning well mr. milling may proceed sir the honor morning honors may it please the court my name is Jonathan milling and I'm proud to be here today before you representing Tekoa Glover in our efforts to vindicate a Sixth Amendment violation of his right to counsel not once not twice but three times in this case and you may think three times we've only got two different issues on appeal but really his violation of his right to family chose to retain counselor at Atlanta Mr. Weintraub and shortly after that shortly after he received funds to retain his services deposited those funds into a bank account and chose to turn those over to the DEA he chose to write a check and the DEA kept those funds thereby depriving mr. Glover of the ability to secure counsel of his choosing before mr. Glover even got to district court before he was appointed counsel he began to start requesting the return of those funds he invoked his right to counsel of his choosing under the Sixth Amendment under Lewis versus United States to be able to have access to those funds to be able to hire counsel of his choosing he was never not then not a month later but he was never given the opportunity to present facts to the district court to be able to show why he should be out loud to get those funds back to hire counsel of his choosing these were funds that came directly from the lawyers bank account there was no authority for the DEA to be able to seize those funds or maintain those funds and the government even in their responses to the district court and responses to the motions for the return of the funds acknowledged that they could not have seized these funds in the first instance if we look at the forfeiture statutes there was no authority that was granted to the DEA to the government to be able to seize these maintain these funds and frankly they should have been returned but there was not an opportunity that was given to mr. Glover to be able to do that he was deprived of his right to counsel of his choosing a structural error which pervaded the entire process here with the district court he screamed counsel counsel if I assume assume that is correct right now that that that was improper it does the the six amendment issues that it that that exists pre plea how does our Musawi case not constitute an event that you know intervenes from a legalization standpoint and constitutes a waiver of those issues I understand yeah I understand your arguments and that have some substantive aspects but how does Musawi not block that argument for pre plea issues your honor I would just submit that because the structural problem here with the six amendment really pervades the relationship that mr. Glover had with his two appointed counsel and during the most the process mr. Ailey's he did not have that guiding hand that the sixth amendment guarantees he did not have confidence in the process he did not have the ability to really work with a lawyer throughout the for this case I'm very sympathetic to your argument but what I'm really having trouble with is what Judge Quattlebaum has alluded to because in Musawi we rejected the premise that this was a structural error we said specifically that we were we did not agree with the Ninth Circuit in Hernandez and we said it was a faulty premise because it fails to account for the fact that if the defendant proceeded to trial and was convicted he could seek an appellate remedy for the constitutional violation so I'm worried because I think you make a really good point but I'm really worried that Musawi boxes us in it says the structural error analysis is a faulty premise and so how do how do we deal with that? Your honor, I think that we would have to look to other cases and look to the individual facts of this particular case because since my client tried from the beginning from the outset to have this opportunity he tried in earnest at every step of the way to really be able to to bring this to a head and have a decision I think the fact that we don't even have a hearing really gets us back to where a lot of the error is he had no opportunity to be able to enunciate to the district court why that the issue was there why he was having a problem. I agree with you completely I agree with you totally um I just I'm just worried that maybe we have to go in bank here in order to deal with the Musawi rejection of structural error that that's that's just what I'm wondering. Yes your honor and that may may be ultimately where we end up in this case to be able to truly vindicate Mr. Glover's rights because as we look at Lewis as we look at Boya Gomez frankly as we look at Farmer you know we got a situation where he there's no evidence in the record showing that these were tainted assets the only evidence that we've got is Mr. Glover's representation that these were not tainted assets and so not having a hearing deprived a full evidentiary opportunity to determine exactly what happened here and it gets us to not just the Sixth Amendment that as Farmer outlined it was a due process violation and so you know he did not have that opportunity and the timing of it also really gets into play because you know if you don't have a lawyer from the get-go that you're working with to give you that counsel to give you that guidance you really lose the opportunity to know what's going on you lose the opportunity under the Sixth and that's really where the problem arises here and it doesn't just arise from the outset from totality of the case but we see it really at the end when he moves to withdraw the plea within a month of having to to plead guilty he was given a choice you plead guilty under these circumstances or we're and we'll have the hearing after that mr. milling I'm glad I wanted to ask you a question about that part of the part of your case yes sir um on the um yeah let me ask let me ask it this way um yeah I think you know if you look at the record you know that the district court decides the motions that were heard you know in October of 19 and he really kind of aside from some preliminary issues talks about motion for substituted counsel and motion to withdraw and doesn't you know in a discreet way address the conflict-free counsel issue now there's we could question whether that was framed that discreetly but regardless that's not separated as a that is an analysis he talks about the coercion really in the more you know discussion but here's my question does the district court if presented with allegations that if true would create a conflict does the district court have the ability to look at the record as a whole and say that those allegations are not credible based on the record as a whole is that within the district court's authority I think while the district court may have some authority to look at the totality of the circumstances the record as a whole and the framework that got us from point A to point B I think it's incumbent upon the district court upon those client that the defendant has a lawyer to advocate on his behalf to present those facts we've got so if if I could just interrupt I apologize for that so as I think I understand what you're saying if if if the allegations if true are credible you think at that point hard stop you get a new lawyer is that right yes sir even if that lawyer is limited to representing the individual during that particular proceeding the the the allegations in this case were very pointed against mr. Ailey's at his trial counsel and at a minimum we needed a lawyer to be able to step in to ask questions of mr. Ailey's put him under oath like we would in a normal 2255 situation so a district court then can't do what happened here admittedly maybe under more but assume that he had said now let's talk about conflict-free counsel I want to take evidence and based on what I've heard and based on the your clients quite frankly history of less than forthright representations I find that the allegations are not credible district court can't do that without appointing a separate lawyers at your position that's my position your honor because the mr. Glover didn't have somebody to advocate on his behalf he did not have anybody representing his interests and as the First Circuit has found you know this is a situation where it is a an essential part of the process to which he is entitled to counsel he needed somebody to be able to represent him in the motion to withdraw the plea and he didn't have that he made it very clear with with the district court I don't want to represent myself I want a lawyer to represent me in this proceeding if he had said I'm gonna represent myself then a Faretta warning would have been required it was given but instead he was left in this never-never land where he's got a lawyer against him he's made allegations who is given the I wasn't ready for trial I wasn't ready for any motion hearings I haven't subpoenaed any witnesses I don't have any evidence any experts on cell phone triangulation or canine experts I haven't talked to any impeachment witnesses but instead he says I didn't endorse this motion I don't think it's in his best interest I don't see how that could be any further from preservation over representation of the client and that's really where the conflict arises and that's why mr. Glover was left without counsel he had nobody representing his interest and so that's where really that second issue of the denial of the right the council comes into play here he did not have anybody advocating on his behalf anybody to talk through the more factors anybody to really get into the sum and substance of these issues okay so what you're saying in mr. milling is that if we if we're forced to reject your argument that that he there was a structural error because of the salary we could nevertheless reverse on the basis that he was denied counsel absolutely your honor okay absolutely and I see that I'm out of time I've got I think seven minutes reserved for rebuttal I'll be happy to answer any other questions at that time thank you mr. Milley mr. Gannett may it please the court my name is Addison Gantt and I'm here on behalf of the United States this court should affirm the district court for two reasons one because regardless of whether Glover waived his right to contest the administrative forfeiture process the district court lacked subject matter jurisdiction to consider his claim and two with regard to his allegations of coercion the district court did not abuse its discretion and finding his assertions of coercion lack credibility briefly into some of the facts the government and Glover agreed that the funds were turned over to the DEA out of a concern for the source of their funds and that's on ja35 and 40 counsel you said they were turned over due to a concern a concern for the source of their funds that's the language weren't those funds escrow funds those were funds were they from the record were they escrowed funds your honor the record isn't clear on that wouldn't they only wouldn't they have to be if counsel received funds from a client he or she couldn't just put it in a personal right wouldn't have to be escrow count yes your honor I would assume that they were escrow funds so you went so you so the council gave you escrow funds and you took them and you knew that they were escrowed funds yes your honor is that appropriate for the government to do that if there's nothing that prevents the government from going after funds paid to an attorney if the attorney has reason to believe that those funds were legal funds a reasonable basis to believe that they were illegal you didn't go after them though you didn't he turned them over that's based on your investment you made no real findings of forfeiture or seizure did you before no your honor that's that's because they were voluntarily turned over and then the da voluntarily turned over if they don't belong to the person that turned over their escrow funds your honor it's no different than if somebody else finds money or is given money that is illegal and then turns that over because under the forfeiture statutes in 1881 that the property interest in those funds best in the government the moment the crime is committed so those funds technically couldn't could not have been paid to the attorney in the first place but that's but what you have now funds turned over their lawyer you're talking about finding funds that are there's no you had no findings done and so whether or not this was elements or the the product of any kind of you just took funds they were escrow from after after we were informed by the attorney that they were drug proceeds well the attorney didn't know that the attorney was concerned about the source of the money but just because just because you're just a second let me finish my question if you wouldn't mind yes ma'am um just because you have a question about the source of the money as a lawyer I mean I had that happen to me when I was representing people if you don't go turn the money over to the police because you don't know I mean sure sometimes you suspect that but but how does the lawyer have the right to turn over something that's not his to the police when he doesn't know he may know that that your honor on j35 Glover says that his attorney turned them over because they were drug proceeds the government uses the language concern for the source but Glover uses the language that his attorney told him they were turned over but but but I think that mr. is it mr. Weintraub was that that's the Atlanta attorney yes was clearly concerned that you know how did this man have this much money what was the source of it but but how do you get to the point where he has the right to your honor as long as the attorney believes that they are drug proceeds there's nothing that stops him from turning over it may not be the approach that most attorneys would take but it's the approach that this attorney took the other problem wasn't given to him in trust by the client no no your honor it wasn't given to him by the client Glover says the money was paid by family and friends not by right right exactly on his behalf and trust yes your honor the never filed a timely claim with the DEA to contest the administrative forfeiture if he had done so it would have kicked the process over to the district court and he could have had a hearing on whether the funds were tainted or untainted or whether the attorney had or could have turned them to the funds okay let me ask you a question you know this is just a practical question rather than you know your your ultimate legal arguments I mean mr. Glover clearly wanted the money to hire a lawyer he kept asking the judge and the judge said well that's civil or that's whatever and mr. Glover though maintained his position consistently I want a lawyer I've got the money to hire a lawyer and the judge kind of blew him off didn't he he did your honor but that's because the judge didn't have subject matter jurisdiction and he couldn't have that jurisdiction did he ever explain that to mr. Glover why he was just ignoring him there is a moment in one of the hearings where the where the court says to my knowledge as a claim that you can file for that and Glover acknowledges in his pro se pleadings that the DEA provided him would notice about forfeiture and and Glover himself says that he told his friends and family not to file a claim because they were going to be charged with money laundering so the read the problem with all of his claims with the district court even if you assume that filing that with the district court was enough to put the the district court on notice that he wanted to contest it none of those filings would amount to a claim to contest the forfeiture because he doesn't say that the funds were his in order to contest administrative forfeiture you have to file a sworn statement that the funds are yours and that you're intending to claim them then the process kicks to the district court but if that claim is never filed 21 I'm sorry 19 18 USC 983 makes clear that the only motion you can file is a motion challenging the DEA's notice and whether that was sufficient as long as he received sufficient notice that the DEA had his funds and was going to forfeit those funds he didn't file a claim then Glover received sufficient due process to challenge it he just didn't he didn't choose that round mr. mr. mr. Gantt you just raised a point I wanted to ask you about which is the issue of whether they were his funds or not seems clear these funds were given to the lawyer in Atlanta you know his behalf but is it significant for a farmer related claim that he doesn't claim they're his funds does that matter under the law that would matter under farmer because farmer itself was about judicial forfeiture after a person filed a claim for funds you can't get subject matter jurisdiction to have a farmer hearing in first place if you never file a claim but but aside I mean aside from the not filing the claim from a procedural standpoint I'm asking the question about whether farmer you have to assert their your funds as opposed to funds on your behalf is there can you help me on whether that matters under the law your same approach that the Supreme Court took in Lewis where the only question is whether the funds are tainted or untainted if they're untainted and the funds are necessary to retain counsel then they can't be restrained unless yes then they can't be restrained but if they're tainted or if a person forfeits their right to those funds by not filing a claim with the DEA then they never get to the farmer hearing and and your honor with regard to subject matter jurisdiction this court made clear in a bar in 97 that once administrative forfeiture process begins the district court is divested of subject matter jurisdiction and it remains without jurisdiction until a claim is filed the Seventh Circuit has held the same thing in Mohammed and 06 there there was a different case though where the AUSA misled the defendant and to believe in that following a claim with the district court was sufficient to contest administrative forfeiture that didn't happen in this case the 11th Circuit held the same thing and Mesa Valderrama in 05 and that was a decision after capital was enacted and it held the same thing that because of 1998 3e a district court lacked subject matter jurisdiction to hear any claim regarding administrative forfeiture once it's complete Glover doesn't challenge that notice he doesn't say it was deficient it doesn't say he didn't have sufficient time instead he goes straight to say that the funds were tainted or were not decide whether funds are tainted or untainted it's only designed to decide whether a person will claim funds Glover didn't do that his family and friends didn't do that and the record makes clear that he told people not to file a claim and your honors I'm happy to explain more about administrative forfeiture but if the court has no other questions in that regard I'll move on to the the second claim about coercion a couple facts about his allegations of this case first Glover's case was associated with four different attorneys the Atlanta attorney that we've discussed you turn the money over to the DEA a private attorney who made a limited appearance but wasn't retained and two court-appointed attorneys his first court-appointed attorney was removed a month into the case because the court wanted to accommodate Glover so council could not can interrupt you I appreciate that background but um yeah and if you want to return to that as can but we spent a good time reading that so here's my question first of all do you concede that a motion to withdraw a guilty plea is an important enough part of the proceeding that the Sixth Amendment right to counsel attaches yes your honor okay so then how do you deal with the issue your colleague raised I mean I get we have facts here that you know are unique based on some of the stuff you were I think going to talk about the variety of councils there are a variety of issues but yeah how do we make sure that take the take it out of this case assume there you know is a actual conflict and the client raises it how do we make sure that the that the defendant is not left on his or her own to deal with a motion to withdraw how do how do we make sure that doesn't happen you know in ruling on this case your honor I would say there's a two-step approach that the court could take the first address is whether the court adequately inquired into the the conflict the alleged conflict if the court adequately inquired I know you said assume that there was a conflict but there's a two-step process that I think applies if the court adequately inquired into the process and found that the allegations lack merit or weren't credible then you can stop there if the court if you find that the court didn't make an adequate investigation and then you can go and look at the the acts alleged and assume that they're true and then decide whether there's a conflict if there was a conflict and the court didn't adequately address it then that's an error and it needs to be addressed but where is that counsel I mean that that that issue kind of relates to what I asked your colleague which is which is can the district court in the face of allegations look at the record and inquire into it and make a decision on that and and and that sounds like that's part of your answer is there authority that you would point to on that issue you honor I would point to a few things first is this court's decision in Smith in 2011 the second is the Bachmann decision that's a 2000 opinion and the third is it's a United States versus Craig that's a 93 opinion who Bachmann and Craig both dealt with allegations of coercion or an involuntary plea and in both instances the court did not appoint substitute counsel but instead was able to credit the rule 11 colloquy to say that the the post plea assertions were not credible and therefore the court didn't have to appoint counsel if all the court can do is look at the hearing and the allegations and then it's handcuffed and almost always having to provide a replacement counsel as long as the defendant files the right motion if you take the motion that Glover filed and you tweak it a little bit to match your case you're automatically entitled to a new attorney if the court isn't allowed to make credibility determinations and this court is able to look at what the district court did and decide whether it adequately investigated in this case I mean in the Craig opinion that the court didn't even hear from the defendant it only allowed counsel to address the issue and then said this one rule 11 statement contradicts what you said and your allegations that you were coerced or didn't plea voluntarily lack merit and lack credibility and this court affirmed in this case the conflict was voiced right on the record whether the council admitted well you know I you know basically in short I know better than he does I want him to do this it in that only your honor isn't that on the face of the record they were in conflict your honor it's clear that Glover created a conflict it's not clear that a conflict did exist he created one by not agreeing with his counsel that's your position a conflict did arise whenever he accused his counsel of coercing him into pleading guilty but that does not mean that he actually coerced him into pleading guilty but didn't his counsel say on the record that I want him to do this and the council said it's in his best interest your honor and then I believe he stopped the counselor let's use some common sense and look anything isn't it clear he was saying that I think it's in his best interest but my client doesn't your honor that that could have been because he got a stipulated sentence to the mandatory minimum of 120 months and wait a minute you don't lawyer doesn't do no matter how great the deal is the lawyer can't decide that unilateral that's correct he can't decide that the plea agreement should be that he has to plead guilty tell the judge that basically right in front of the judge I think this is the best for him and he really doesn't know your honor I think if you take it a step further let's say that the court did appoint substitute counsel and then if that substitute counsel investigated the claims and found that they weren't supported by anything that counsel would be in the position of not arguing Glover's argument as well and that would be against Glover so it's possible that the that that Glover's argument simply lacked merit at all it's possible that it lacked merit yes your honor and the district court adequately inquired into the situation to find that Glover's allegations that turns the Sixth Amendment on top of his head how can it not be important and intrinsic to the client to determine whether or not they're going to give up all of these rights or maybe I'm not wait a minute no matter how good the deal is what do you mean he created the conflict there was no merit to the conflict there's always merit I don't want to plead guilty I agree your honor I'm not I'm not saying that the attorney gets to decide that the plea should not be revoked or that that it is certainly up to the defendant to decide whether to plead but it could also be that a defendant filed a motion simply because they didn't want to go to prison and they wanted to create a conflict and delay the inevitable and that's what the court thought that Glover was doing it looked at his previous prior conduct and filing I think it was 40-something motions for the court despite the fact that he was represented it looked at the fact that he had tried to remove both of his court-appointed attorneys one of them right before the plea where he made accusations that clearly lacked merit and that were then refuted by the the prison logs and then the fact that his sworn rule 11 statement stated explicitly that he was not coerced that it was his decision to plead guilty because he was in fact guilty Glover does not claim that he is innocent and he does not contest anything other than the fact that he filed this motion saying that he was coerced and and the only question is whether there were whether the court adequately inquired if it inquired and this court believes that wasn't that was adequate the court isn't handcuffed into providing substitute counsel now but but mr. Dan if we find that the record is insufficient to show that the court adequately you have a problem don't you your honor in that case this court has two options one to remand for the limited purpose of the court to hold a hearing to inquire further or appoint substitute counsel and argue the coercion claim or to denied and say that it isn't appropriate on appeal that should be brought to 2255 and then Glover can then have an evidentiary hearing your honor I think in this case that the court's approach was to look at the case as a whole and the district court is in the best position to observe the relationship between the council and his attorney I'm sorry the council and his client and that it was not an abuse of the discretion for the court to say you know based on your prior conduct and based on these allegations I think they lack merit even if you get to the if you find that the court abuse its discretion you can then look to see whether the claims themselves would arise to a coercion to make the plea involuntary and in that case I think this case is significantly different than the two first circuit cases that the only one that the court remanded on was the one where the attorney walked into the hearing and attempt to withdraw and that was a red flag that the court should have called and should have been appointed substitute counsel and not made it turn to continue the second one is the year of air that's no seven opinion that one the client didn't speak English he had a limited education he was confronted with his wife in prison to convince him to plead guilty he was allegations that attorney concealed evidence those allegations go significantly far more in depth than what Glover has alleged in this case again wasn't there a motion scheduled the day after the plea your honor I'm not exactly sure whether it was but Glover does say that there was you don't know the record I do know the record and I know that there were hearings coming up after the plea I don't know exactly how far away they weren't these weren't these hearings to decide whether or not he was still trying to get the funds back the government I'm sorry your honor I seem out of time can I answer yeah you may it there was a potential farmer hearing at issue but the court had not decided what it was going to do with that but but it was pending the next day after the guilty plea that that's correct your honor but the court lacks how could you have a legitimate rule 11 proceeding for guilty plea and you know the next day is scheduled to decide whether or not he can get the funds to get the lawyer that he wants so if you ask questions like well are you pleased with your lawyer well your honor if you look on a docket next day I got trying to get another lawyer so the answer how could it be an answer that yes even on this record and maybe on our own and you say you don't know the record but it was the next day wasn't it I believe that's correct sir yeah that's why I asked you the first time and it was the next day you got a motion decide whether or not I can get the money to have a lawyer that I'd even want but then that day you're pleading and your lawyer said no this is I think this is best for him I didn't have a rule 11 cause we said I think they asked questions like are you pleased with your lawyer correct your honor with the work your lawyers done all right yes your honor that was the question and he said yes and it's very possible that Glover changed his mind and decided to take a sentence at the mandatory minimum it's very possible very possible yes your honor and that's what he stated under oath that he was pleading guilty because it was his thank you thank you mr. Miller thank you honor and if I may just start off by responding to mr. Gantz supposition that is very possible that he changed his mind and I would submit respectfully that is very possible and in fact more likely that my client saw the record for what it was that he was not getting a lawyer he was given the opportunity or he was given the opportunity to proceed with mr. Ailey's a lawyer against him already tried to relieve his counsel and judge Cain had said you are not getting another court-appointed lawyer if we look at the record the record as a whole going back to before he even arrived in this choosing he was never given that opportunity so judge Gregory to your point he knew that he wasn't going to get what he wanted he was simply trying to make the best out of the situation because he was given two bad choices at the time of the guilty plea you're absolutely right he had a hearing schedule the next day and frankly he was given the choice you either plead guilty or you're going to trial and you may or may not have to go to trial with mr. to get relieved his counsel we fast forward to the motion to withdraw the guilty plea and unfortunately for mr. Glover the court starts off the proceeding on page 289 of the J a asking whether or not he's competent if that doesn't telegraph to mr. Glover where judge Cain's mind is I don't know what does and then he goes forward to say Glover is trying to set up an appeal or 2255 there was no inquiry into the record as to the sum and substance of these allegations and it is above mr. mr. milling let me let me stop you there I mean you say there's no inquiry into the record I understood your earlier position that really you don't have to have an inquiry that if the allegations are such you automatically get a new counsel but I mean I can give you the sites I mean the jet I mean yeah we could debate whether it's an adequate inquiry but he asked mr. Glover about his claim mr. Glover responded he asked the assistant US attorney he asked the lawyer and then he discusses the evidence or the responses he gets from everyone on the record I mean I grant you it was in the context of the more hearing and not discreet in the other issue but I mean you know it seems like he does address the substance of it actually relatively thoroughly I mean you know so to me this seems like the question is does he does the district court have the right to go into that or do the mere allegations trigger the right to a new counsel you say the your colleague says the former seems to me that is at least one important issue here I would agree your honor that's a very important issue and I stand by my position that once these allegations of the conflict arrives then he needs a lawyer to be able to represent him moving forward like we would see in a 2255 hearing but because mr. Gantt raised the issue of looking at the record I wanted to make a quick point of being able to talk about some of the things in the record because when he did when the district court turns to mr. A leaves that's when he says I didn't endorse nor did I file this the judge Gregory's point that lawyer doesn't have the opportunity to make a choice of something as fundamental as this is the clients the client is the only one who can choose to plead guilty or not likewise is the client the I mean if the lawyer thinks given the record the evidence against the defendant you know that filing a motion to withdraw is in it not in his best interest are you saying he must go forward and argue for that I believe I believe I had to do it representing clients in the district court where I have negotiated please on behalf of the client where the client has chosen to accept those pleas and thereafter the client comes forward and says I want to move to withdraw my plea and so what I as counsel did was go through and walk through the different more factors and address them as best I could on behalf of my client while trying to make sure that I was providing as zealous an application for my client as I could it's not always easy and I'll be the whether or not to make that motion to move to withdraw the plane now part of what lawyers supposed to do is make sure that you've got a good enough relationship with your client that you can talk to them that you can counsel them that you can provide that guiding hand that our Supreme Court talks about and make sure that they understand what some of the potential consequences are what the elements are and inquire of the client what do you submit we need to argue as it relates to you know representation of innocence for example yes sir but yeah I'm just go ahead I'm sorry I think I understand your answer I appreciate that and that's where the district court knowing what it had to look at if we even got to the more factors on a motion withdrawal should have asked questions of mr. Glover and mr. Glover should have had a lawyer to be able to advocate on his behalf for some of these some of these points under more as to whether or not he was asserting his legal innocence as to whether or not the plea was knowing a voluntary and as it has been presented here before looking at the record it is clear that there was a conflict that there was a problem that there were challenges and difficulties between counsel and mr. Glover and while the district court surmises that was something that was created by mr. Glover it is the job of counsel to make sure that you are advocating on behalf of the client there was no at whatsoever at essential at the critical stage of the motion to withdraw the plane and that's where my client was denied his right to counsel did not mr. mr. milling yes miss milling what is determinative then is it the fact that the court didn't conduct an adequate inquiry or the fact that counsel didn't advocate or both in other words is one of those sufficient to require reversal in your view or do we have to have both I think it's either I don't think we have to have both because there are responsibilities on both counsel and the district the court has responsibility to preserve the record make sure frankly what the judges supposed to do make sure that the rights were preserved here that wasn't done even if there was a lawyer who was appointed to represent mr. Glover at this hearing if they had not advocated let's say it's mr. Ailey's best friend and he does advocate on behalf or he's appointed in the courtroom and he's not able to provide full presentation on the issue the Sixth Amendment is violated there as well and so I think that judge Keenan in either scenario they we can give rise to a vacation of the judgment and a remand and I say that I'm out of time thank you mr. Miller thank you honors and thank you mr. Gantt knowing I note that you're caught up on it yes I want to say on behalf of the Fourth Circuit thank you so much also like to take these cases to help us really appreciate it we wish we could come down and shake hands as our normal tradition but we cannot but know nonetheless that we appreciate your being here and your fine arguments be safe and stay well thank you thank you honors
judges: Roger L. Gregory, Barbara Milano Keenan, A. Marvin Quattlebaum Jr.